**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re *Ex Parte* Application of LIGHTHOUSE INVESTMENT PARTNERS LLC; THE CHURCH OF ENGLAND PENSIONS BOARD, AS TRUSTEE OF THE CHURCH ADMINISTRATORS PENSION FUND; and STICHTING BEDRIJFSTAKPENSIOENFONDS VOOR DE MEDIA PNO for an order pursuant to 28 U.S.C. § 1782 | Misc. Case No.: 1:25-mc-00329 |

## STIPULATED PROTECTIVE ORDER FOR THE PRODUCTION OF CONFIDENTIAL INFORMATION

This matter comes before the Court by stipulation of Applicants Lighthouse Investment Partners LLC; the Church of England Pensions Board, as Trustee of the Church Administrators Pension Fund; and Stichting Bedrijfstakpensioenfonds voor de Media PNO (the "Applicants" or the "Receiving Party"), and Respondent Bank of America, N.A. ("Respondent" or the "Producing Party") (each a "Party" and collectively "Parties"), for the entry of a protective order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information (collectively, "Discovery Material") to be produced by Respondent and its counsel in the course of discovery in this matter (the "Action") for use by the Applicants in foreign litigation (the "Danish Actions"[1]), to the extent set forth below (the "Stipulation and Order"); and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

---

[1] The "Danish Actions" are actions commenced in Copenhagen City Court and the Eastern High Court in Denmark by over 300 shareholders of Danske Bank A/S, including the Applicants. ECF No. 9 at 4-7. Respondent is not a party to the Danish Actions.

**IT IS HEREBY ORDERED THAT**:

1.     **Purpose.**  The Receiving Party may use Protected Material, as defined below, that is disclosed or produced by the Producing Party in connection with this Action only for litigating claims against defendant Danske Bank A/S in the Danish Actions, including any appeals or regulatory or enforcement matters originating from or related to the Danish Actions.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Order.

2.     **Definitions.**  As used herein:

a.     "Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," to the extent that the Party or non-party designating the Discovery Material as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," in good faith reasonably believes that such Discovery Material contains non-public information, confidential information, trade secrets, proprietary business information, competitively or commercially sensitive information, nonpublic personal information within the meaning of the Gramm-Leach-Bliley Act (15 U.S.C. § 6801) or similar applicable federal, state or local privacy protective laws, and/or "consumer reports" within the meaning of the Fair Credit Reporting Act (15 U.S.C. § 168la) (collectively, the "Acts"), or other information, the disclosure of which would, in the good faith judgment of the Producing Party be detrimental to the conduct of that Party's business or the business of any of the Party's customers or clients, as well as any information copied or extracted therefrom, plus testimony, conversations, or presentations by Parties or counsel to or in Court or in other settings that might reveal Confidential Information.

b.      "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL," as provided for in this Order, as well as any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or their counsel in Court or in any other setting that might reveal such information.  Protected Material shall not include materials that show on their face they have been disseminated by the designating party to the public or to third parties not in privity with the Producing Party.

3.      **Scope.**

a.      Discovery Material shall be used solely for the purposes described by the Court in its August 11, 2025 order, including by the Applicants for the purpose of litigating claims against defendant Danske Bank A/S in the Danish Actions, and shall not be used for any purpose whatsoever outside those purposes.  Nothing in this Stipulation and Order relieves the Parties from any obligation in existence prior to the entry of this Stipulation and Order to maintain the confidentiality of documents, information, and communications previously provided or to be provided to the Parties in connection with this Action.

b.      This Stipulation and Order has no effect upon, and shall not apply to, the Parties' use of their own Confidential Information for any purpose. Nothing herein shall impose any restriction on the use or disclosure by a Party of documents, materials or information designated as Confidential Information that has been obtained lawfully by such party independently of this Action.

4.      **Non-Disclosure.**  This Stipulation and Order is applicable to the Parties and any non-parties who use the provisions of the Stipulation and Order by designating Discovery Material as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," and the representatives, experts and

employees of the Parties or non-parties. This Stipulation and Order shall not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing, save and except a hearing that involves issues related to the enforcement or interpretation of any provision of this Stipulation and Order.

     5.    **Designation of Confidential Information.**

     a.    The Producing Party may designate Discovery Material as "confidential," by affixing the notation "CONFIDENTIAL" on the document, making a statement on the record of a deposition as to the portions of the deposition to be designated as confidential, providing written communication to the respective undersigned counsel for the Parties hereto, or by other appropriate means. Any summary, compilation or copy of Discovery Material that has been designated as Confidential Information shall be treated the same as the underlying document or thing as provided by this Stipulation and Order. The designation shall, wherever practicable, be made before or at the time of production or disclosure, except in the case of depositions, which shall be designated as set forth in subsection (b) of this paragraph.

     b.    All depositions and transcripts of any testimony given at a deposition shall presumptively be treated as Confidential Information and subject to this Stipulation and Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such thirty (30) day period, the deposition, or pages thereof, may be designated as Confidential Information by any Party. If any deposition or pretrial testimony is designated as Confidential Information, the Producing Party shall direct the court reporter to affix an appropriate confidentiality legend to the deposition transcript's first page and all portions of the transcript containing Confidential Information. Any Party may challenge the designation by following the procedure set forth in Paragraph 8 below.

6.    **Designation of Highly Confidential Information.**  The Producing Party may alternatively designate Discovery Material as "Highly Confidential Information" by affixing the notation "HIGHLY CONFIDENTIAL" on the document, making a statement on the record of a deposition as to the portions of the deposition to be designated highly confidential, providing written communication to the respective undersigned counsel for the Parties hereto, or by other appropriate means. This designation shall signify that (i) at the time of the designation the Discovery Material contains or constitutes trade secrets or confidential business or financial information, (ii) there is a substantial and imminent risk that absent such designation, its receipt by the Receiving Party could cause competitive and/or economic harm to the Producing Party, and (iii) such Discovery Material would not otherwise be adequately protected under the procedures set forth herein for "Confidential Information."  The provisions of this Stipulation and Order, including all usage, dissemination, and disclosure limitations, shall be applicable to "Highly Confidential Information" in the same manner as "Confidential Information," except that notwithstanding any other provision of this Stipulation and Order, no disclosure of Highly Confidential Information may be made to any persons other than (1) a Party's in-house and external counsel and the paralegals and support personnel working for such counsel, (2) experts retained by a Party or a Party's external counsel, and (3) the Court and Court personnel, including a presiding court and its personnel in the Danish Actions, if filed in accordance with paragraph 13 hereof.  Disclosure to in-house counsel shall be limited to in-house counsel providing legal advice in connection with this Action or the Danish Actions, and Highly Confidential Information may not be disclosed to any other officers, directors, employees, or agents of a Party, including other in-house counsel.  Nothing in this paragraph shall preclude counsel from giving advice to his or her client in this Action or the Danish Actions that includes a general evaluation of Highly

Confidential Information, provided that counsel shall not disclose the contents of any Highly Confidential Information contrary to the terms of this Stipulation and Order.

7.    **Procedure for Handling Legal Demands for Confidential Information or Highly Confidential Information.**

a.    If the Receiving Party is served with a subpoena, document demand or other request under applicable federal or state law (collectively, a "Demand"), and the Discovery Material sought by the Demand was produced or designated as Confidential Information or Highly Confidential Information by someone other than the Receiving Party, the Receiving Party shall give written notice by electronic transmission, within five (5) business days of receipt of such Demand, to the Producing Party who produced or designated the material as Confidential Information or Highly Confidential Information and give the Producing Party the opportunity to redact said Discovery Material.

b.    The Receiving Party shall not produce any of the Producing Party's Confidential Information or Highly Confidential Information, unless otherwise Court-ordered or required by law, for a period of at least ten (10) business days after providing the required notice to the Producing Party.

c.    If, within ten (10) business days of receiving such notice, the Producing Party gives notice to the Receiving Party subject to the Demand that the Producing Party opposes production of its Confidential Information or Highly Confidential Information, the Receiving Party shall object to the Demand, citing this Stipulation and Order, and shall not thereafter produce such Confidential Information or Highly Confidential Information, except as Court-ordered or required by law. The Producing Party shall be responsible for pursuing any objection to the requested

6

production, including moving to quash the Demand and/or seeking an additional protective order. The Receiving Party agrees to cooperate with the Producing Party in resisting the Demand.

       d.     Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Information or Highly Confidential Information covered by this Stipulation and Order, or to subject the Receiving Party to any penalties for non-compliance with any legal process or order for failure to comply with a Demand, or to seek any relief from this Court in connection with obligations imposed by a Demand.

       e.     In the event that Confidential Information or Highly Confidential Information is produced to an entity that is not bound by this Stipulation and Order in response to a Demand, the Parties to this Stipulation and Order shall continue to treat such Discovery Material in accordance with the designation as Confidential Information or Highly Confidential Information.

       8.     **Challenges to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Designation.**

       a.     **Meet and Confer**. A Party that elects to initiate a challenge to a Producing Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation must do so in good faith and must begin the process by conferring directly with counsel for the Producing Party pursuant to the Federal Rules of Civil Procedure and any other applicable local or court rules. In conferring, the challenging Party must explain the basis for its belief that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the

next stage of the challenge process only if the challenging Party has engaged in this meet and confer process first.

b.    **Judicial Intervention.** A Party that elects to press a challenge to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation after considering the justification offered by the Producing Party may file and serve a motion pursuant to the Federal Rules of Civil Procedure and any other applicable local or court rules, as well as the procedures governing the filing of Confidential Information with the Court (set forth below) that generally identifies the challenged material and sets forth in detail the basis for the challenge.

9.    **Subpoenas and Legal Demands for Confidential Information to Non-Parties.** All documents called for in a Demand that is served by a Party to a non-party, and all documents that are otherwise produced by a non-party without any Demand, shall be presumed designated as "CONFIDENTIAL" pursuant to this Stipulation and Order and treated as such, unless otherwise agreed by the Parties or ordered by the Court. The presumption and any designation by a non-party pursuant to this paragraph expires thirty (30) days after all Parties have received the third-party production unless, within that time, a Party designates the documents pursuant to this Stipulation and Order.

10.    **Failure to Designate Discovery Materials as Confidential Information.** The unintentional failure by a Producing Party to designate Discovery Material with the correct "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation shall not waive any such designation.  If the Producing Party notifies the Receiving Party of an unintentional failure to designate materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Producing Party shall reproduce the Discovery Material with the correct "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation within ten (10) business days of the Producing Party's notification

8

to the Receiving Party.   Upon receiving the Discovery Material with the correct "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation, the Receiving Party shall destroy all Discovery Material that was identified as incorrectly designated.   A Receiving Party shall not be in breach of this Stipulation and Order for any use of such unintentionally non-designated or inadvertently mis-designated Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate.   Once a Receiving Party has received notice of the unintentional failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Stipulation and Order.

11.   **Use or Disclosure of Confidential Information or Highly Confidential Information.** Except with the prior written consent of the Producing Party and subject to granting the Producing Party an opportunity to redact said Discovery Material, or by Order of the Court, no person or entity may use, disclose or permit the use or disclosure of and Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to any person or entity other than the following:

a.   The Court and Court personnel, including a Jury or any Jurors, in this Action or in the Danish Actions;

b.   Counsel to the parties in the Danish Actions, in-house attorneys of those parties, and all outside attorneys retained by those parties to consult on the Danish Actions, and their respective partners, associates, clerks, legal assistants, stenographic and support personnel, and vendors retained by such attorneys to provide litigation support services in this Action or in the Danish Actions, who are directly assisting such counsel in the conduct of this Action or the Danish

Actions, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

      c.      Personnel of the Applicants actually engaged in assisting counsel in the conduct of the Danish Actions and who have been advised of their obligations hereunder;

      d.      Former personnel of the Applicants actually engaged in assisting counsel in the conduct of the Danish Actions, and the counsel for said former personnel, provided that before any Confidential Information is disclosed, the disclosing Party shall request that former personnel and their counsel, if applicable, execute a written agreement, in the form attached as Exhibit A hereto (the "Confidentiality Undertaking"), to comply with and be bound by the Stipulation and Order's terms. If the former personnel or their counsel refuse to execute the Confidentiality Undertaking, then they shall not be furnished with Confidential Information or Highly Confidential Information;

      e.      Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document, or as to whom there has been deposition or trial testimony that the person was the author or a recipient of the document, provided that the only Confidential Information or Highly Confidential Information that may be furnished, shown, or disclosed to said person shall be the documents for which there is evidence that said person was the author or a recipient;

      f.      Deposition and trial witnesses, and attorneys for witnesses, in this Action or in the Danish Actions to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the Confidentiality Undertaking attached as Exhibit A hereto; and (2) they will not be permitted to keep any Protected Material unless they sign a copy of Exhibit A, unless otherwise agreed by the Producing Party or ordered by the court in this Action or in the Danish Actions.

g.    Experts (and their necessary support personnel) retained by, or at the direction of, counsel for a Party for the purpose of advising and assisting such counsel in the trial, settlement, or resolution of the Danish Actions; provided, however, that such expert or consultant has agreed to be bound by the provisions of the Stipulation and Order by signing a copy of the Confidentiality Undertaking attached hereto as Exhibit A.

h.    Court reporters and supporting stenographic, videographic, and clerical personnel taking testimony in connection with this Action or the Danish Actions;

i.    A vendor hired by a Party to collect documents, host data, maintain a database of electronic data or perform other work related to the collection, review or production of documents in this Action or the Danish Action, if the vendor's employees having access to the data or documents sign the Confidentiality Undertaking attached hereto as Exhibit A.

j.    Any mediator who is assigned to hear this Action or the Danish Actions, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Stipulation and Order; and

k.    Any other person agreed to by the Parties.

12.    **Disclosures of Confidential Information or Highly Confidential Information to Experts.**  Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 11(g) hereof, counsel for the Receiving Party shall obtain a Confidentiality Undertaking signed by the expert or consultant, in the form of Exhibit A attached hereto.  Counsel for the Receiving Party obtaining the Confidentiality Undertaking shall supply a copy to counsel for the other Party at the time of the disclosure, except that any Confidentiality Undertaking signed by an expert or consultant who the Receiving Party, in good faith, reasonably does not expect to call as a witness at trial does not need to be disclosed.

11

13.    **Filing of Confidential Information or Highly Confidential Information.**

a.    As applied to documents, materials or other papers filed with the Court or a presiding court in the Danish Actions that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the filing Party shall seal such documents (or any portion thereof), by following the protocols, if any, for electronic filings in this District and in the relevant Danish court.  If a Party believes that material has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and cannot or should not be sealed, pursuant to the protocols and rules in this District or in the Danish court system, then the Party wishing to file the materials shall particularly identify the documents or information that it wishes to file to the Producing Party, in writing.  The Parties will then meet and confer, in a good faith effort to resolve the dispute.  Failing agreement, the Party wishing to file the materials must request a ruling from this Court on whether the Discovery Material in question must be submitted under seal.  The Producing Party shall have the burden of justifying that the materials must be submitted under seal.  Absent written permission from the Producing Party or a court Order denying a motion to seal, a Receiving Party may not file in the public record any Protected Material.

b.    The use of Protected Material during the pre-trial hearing shall be determined by agreement of the Parties or by order of the Court.

14.    **Production of Privileged Documents.**

a.    A Producing Party's disclosure of information or documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the Bank Examiner Privilege or any other privilege, immunity, or prohibition on disclosure not overridden by the Court ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege, immunity or prohibition, provided that the Producing Party notifies

the Receiving Party, in writing, of the production after its discovery of the same. The Producing Party must specifically and individually identify the Privileged Documents which it unintentionally produced to the Receiving Party. Upon written notification of the production of privileged materials (hereafter referred to as "Identified Materials") by the Producing Party, the Receiving Party shall return, destroy, or delete the Identified Materials as requested by the Producing Party. If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

(i)     The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents.

(ii)     The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

(iii)     The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

(iv)     The Party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

(v)     If the Receiving Party is in receipt of a document from the Producing Party which the Receiving Party has reason to believe is privileged, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production

of that document so that the Producing Party may make a determination of whether it

wishes to have the documents returned or destroyed pursuant to this Stipulation and Order.

        c.      This Stipulation and Order does not constitute a concession by any Party that any

documents are subject to protection by the attorney-client privilege, the work product doctrine or

any other potentially applicable privilege or prohibition on production. This agreement also is not

intended to waive or limit in any way either Party's right to contest any privilege claims that may

be asserted with respect to any of the documents produced except to the extent stated in the

Stipulation and Order.

        15.      **Restrictions on the Use of Artificial Intelligence.**  The Parties agree that the

Receiving Party may use artificial intelligence software and services (together, an "AI Model") to

aid in the processing, review, and analysis of Discovery Material in this Action or the Danish

Actions, provided however that any such AI Model must protect the confidentiality of the

information as required by this Stipulation and Order.  The Parties expressly agree that no

Receiving Party will submit any Discovery Material received pursuant to this Stipulation and

Order to an AI Model that is open or available to the public, including ChatGPT and similar

tools.  The Parties further expressly agree that no Receiving Party will submit any Discovery

Material received pursuant to this Stipulation and Order to any proprietary or closed AI Model

unless it first ensures that the AI tool will not learn from, be trained on, or otherwise incorporate

the Discovery Material for any purpose other than those set forth in this Stipulation and

Order.  Before the Receiving Party submits Discovery Material received pursuant to this

Stipulation and Order to an AI Model in compliance with this paragraph, the Receiving Party shall

make certain that such Discovery Material will not be accessible to unauthorized persons and that

it can be deleted from the AI Model in accordance with paragraph 24 of this Stipulation and Order.

16.    **Storage of Protected Information & Data Security Requirements.**  The Parties agree that a Receiving Party shall maintain Discovery Material in a reasonably secure and safe manner, including reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such information against unauthorized access and any other reasonably anticipated threats or hazards.

17.    **Unauthorized Access & Data Breach Notice Requirements.**  If the Receiving Party or an authorized recipient engaged by the Receiving Party discovers the loss of any Discovery Material due to a breach of security, including any actual or suspected unauthorized access, relating to the Producing Party's Confidential Information or Highly Confidential Information, the Receiving Party or authorized recipient shall: (1) promptly provide written notice to Producing Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide Producing Party with assurances reasonably satisfactory to Producing Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach. The Receiving Party or authorized recipient agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident. Nothing herein shall constitute a waiver of legal rights and defenses regarding the protection of information from unauthorized disclosure.

18.    **Remedies for Breach.** The Parties agree that they would not have an adequate remedy at law in the event that a court of competent jurisdiction determines that there is an actual or threatened breach of this Stipulation and Order by any Party and agree that under such circumstances the Parties will be entitled to specific performance and/or injunctive relief to enforce the terms hereof, in addition to any remedy to which they may be entitled at law or in equity.

19.    **Jurisdiction and Venue.**  The United States District Court for the Southern District of New York is responsible for the interpretation and enforcement of this Stipulation and Order and all disputes concerning any documents, however designated, produced under the protection of this Stipulation and Order.

20.    **Shipping Protected Material.**  When any Receiving Party ships any Discovery Material to others designated in this Order as authorized to receive Discovery Material, the Receiving Party will encrypt any electronic data (if the Discovery Material is in that format) and supply the password in separate correspondence to the recipient.  If the Discovery Material is in hard copy/paper form, the Receiving Party will ship the Discovery Material using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials.  If the Receiving Party learns at any time that Discovery Material may have been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed Discovery Material.

21.    **Joinder of Additional Parties.**  In the event that additional parties join or are joined in the Danish Actions, they shall not have access to Confidential Information or Highly Confidential Information until the newly joined party, by its counsel, has executed and filed with the Court the newly joined Party's agreement to be fully bound by this Stipulation and Order.

22.    **Effective Date of Stipulation.**  The Parties agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Stipulation and Order, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Stipulation and Order had been entered by the Court.

23.    **Modifications, Waivers and/or Amendments to this Stipulation and Order.** This Stipulation and Order may be changed by further order of this Court and is without prejudice

to the right of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.  All modifications of, waivers of, and amendments to this Stipulation and Order must be in writing and signed by, or on behalf of, the Parties.

24.    **Conclusion of Litigation.**

a.    This Stipulation and Order shall continue to be binding after the conclusion of this Action and the Danish Actions, except that (a) there shall be no restriction on documents that are used as exhibits in court (unless such exhibits were filed under seal); and (b) that the Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation and Order.

b.    Within sixty (60) days after the final termination of the Danish Actions by settlement or exhaustion of all appeals, all Confidential Information or Highly Confidential Information produced or designated and all reproductions thereof under the custody and control of the Receiving Party shall be returned to the Producing Party or shall be destroyed, at the option of the Receiving Party, including copies of electronic documents maintained in databases or other electronic locations.  In the event the physical objects and documents are to be destroyed, the Receiving Party shall certify in writing within sixty (60) days of the final termination of the Danish Actions that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge.

c.    Notwithstanding anything to the contrary, counsel of record for the Parties and for the parties in the Danish Actions may retain copies of documents constituting work-product, copies of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. To the extent that persons retain documents containing Confidential Information or

Highly Confidential Information upon the final termination of the Danish Actions, said persons shall certify in writing within sixty (60) days of the final termination that they will maintain the confidentiality of this Confidential Information or Highly Confidential Information in accordance with the terms of this Stipulation and Order.  Nothing in this paragraph shall be construed to require a Receiving Party to destroy Confidential Information or Highly Confidential Information retained on back-up tapes or to require the Receiving Party to take unreasonably expensive or burdensome measures to effectuate the destruction of Confidential Information or Highly Confidential Information.

SO STIPULATED AND AGREED:

Dated: October 16, 2025                            Dated: October 16, 2025

By: __/s/ Alice Y. Lee_____                    By: _/s/ Brenda E. Lee_
Olav A. Haazen (OH7788)                            Brenda E. Lee (4596144)
Alice Y. Lee (AC0728)                              Carrie M. Montgomery (4596144)
Islam E. Aly (6159396)                             WILMER CUTLER PICKERING
GRANT & EISENHOFER P.A.                                HALE AND DORR LLP
485 Lexington Avenue, 29th Floor                   2100 Pennsylvania Avenue N.W.
New York, New York 10017                           Washington, D.C. 20037
(646) 722-8500                                     (202) 663-6000
acho@gelaw.com                                     brenda.lee@wilmerhale.com

*Counsel for the Applicants*                       *Counsel for Respondent*

SO ORDERED:

Dated: October 20, 2025
New York, New York                                 _____
                                                   Edgardo Ramos
                                                   United States District Judge

**EXHIBIT A**

**CONFIDENTIALITY UNDERTAKING**

I, _____, acknowledge that I have read and understand, and agree to abide by, the Stipulation and Protective Order (the "Protective Order") in Misc. Case No.: 1:25-mc-00329-ER pending before United States District Judge Edgardo Ramos of the Southern District of New York governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to any other person; that I will not use such Confidential or Highly Confidential Discovery Material other than specifically permitted in the Protective Order; and that at the conclusion of Applicants' litigation in the Danish Actions, I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____    _____